No. 22-2664

# In the
# United States Court of Appeals
## for the Eighth Circuit

---

Scott Burnett, Ryan Hendrickson; Jerod Breit; Scott Trupiano; Jeremy Keel; Frances Harvey; Hollee Ellis,

*Plaintiffs-Appellees,*

Shelly Dreyer,

*Plaintiffs,*

Rhonda Burnett,

*Plaintiff-Appellee,*

v.

National Association Of Realtors,

*Defendant,*

HomeServices Of America,

*Defendant-Appellant,*

Keller Williams Realty, Inc.; Realogy Holdings Corp.,

*Defendants,*

BHH Affiliates, LLC; HSF Affiliates, LLC,

*Defendants-Appellants,*

RE/MAX LLC,

*Defendant.*

---

Appeal from the United States District Court
for the Western District of Missouri – Kansas City, No. 4:19-cv-00332-SRB.
The Honorable **Stephen R. Bough**, Judge Presiding.

## APPELLANTS' PETITION FOR REHEARING AND FOR REHEARING EN BANC

ROBERT D. MACGILL
MATTHEW T. CIULLA
SCOTT E. MURRAY
MACGILL PC
156 E. Market St., Suite 1200
Indianapolis, IN 46204
(317) 721-1253

JAY N. VARON
JENNIFER M. KEAS
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington, DC 20007
(202) 672-5300

BRIAN C. FRIES
LATHROP GPM
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108
(816) 292-2000

*Counsel for Defendants-Appellants*
*HomeServices of America, Inc., BHH Affiliates, LLC,* and *HSF Affiliates, LLC*

I.   **Rule 35(b)(1) Statement.**

The panel's decision conflicts with—and abrogates—two published prior panel decisions of this Court: (A) *Eckert/Wordell Architects, Inc. v. FJM Props. of Willmar, LLC*, 756 F.3d 1098 (8th Cir. 2014) (Bye, Melloy, and Benton, JJ.), and (B) *Morgan v. Ferrellgas, Inc.*, 8 F.4th 795 (8th Cir. 2021) (Loken, Grasz, and Kobes, JJ.). Consideration by the full Court is therefore necessary to secure and maintain uniformity of this Court's decisions.

II.   **Introduction and Summary.**

The panel's opinion in this case violates a "cardinal rule" in this Circuit by disregarding two prior panel decisions. *Cf. Mader v. United States,* 654 F.3d 794, 800 (8th Cir. 2011) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel.").

First, this Court has previously held—along with ten other circuit courts—that a contract delegates threshold questions of arbitrability to the arbitrator when it incorporates the rules of the American Arbitration Association ("AAA Rules"). *Fallo v. High-Tech Inst.,* 559 F.3d 874, 878 (8th Cir. 2009) ("[W]e conclude that the arbitration provision's incorporation of

1

the AAA Rules . . . constitutes a clear and unmistakable expression of the parties' intent to leave the question of arbitrability to an arbitrator."); *see Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 846 (6th Cir. 2020) (collecting cases).

Following these cases, this Court then held in *Eckert/Wordell* that this delegation to the arbitrator under the AAA Rules includes whether a nonsignatory to a contract can enforce that contract's arbitration provision against a signatory to that contract. *Eckert/Wordell*, 756 F.3d at 1100 (affirming dismissal in favor of arbitration; "whether a particular arbitration provision may be used to compel arbitration between a signatory and a nonsignatory is a threshold question of arbitrability" that must be resolved by the arbitrator under AAA Rules).

The panel in this case abrogated *Eckert/Wordell*'s rule. When considering whether the court or the arbitrator should decide whether Appellants could enforce the arbitration provisions at issue as nonsignatories, the panel held that, despite the underlying contracts' incorporation of the AAA Rules, Appellants could not invoke the

2

delegation clauses because the arbitration provisions were expressly limited to the "parties." *Burnett v. N.A. Realtors*, No. 22-2664, ___ F.4th ___, ___, 2023 U.S. App. LEXIS 19869, at *13–17 (8th Cir. Aug. 2, 2023).

But *Eckert/Wordell* dealt with materially identical contract language purporting to limit the arbitration provision to the contract's "parties." Notwithstanding this party-specific language, the *Eckert/Wordell* panel held that the contract's incorporation of the AAA Rules entitled the nonsignatory to compel arbitration to determine the threshold issue of arbitrability—i.e., whether the nonsignatory could force arbitration of the merits of the dispute. *Eckert/Wordell* required the same result here, and the panel's failure to follow *Eckert/Wordell* was in error.

Separately, the panel also abrogated a second prior published panel decision of this Court. In *Ferrellgas*, this Court determined that Missouri law authorizes a nonsignatory defendant to enforce an arbitration agreement when a plaintiff's allegations treat all signatory and nonsignatory defendants "as though they were signatories to the agreements." 8 F.4th at 800 (quoting *State ex rel. Hewitt v. Kerr*, 461 S.W.3d

3

798, 814−15 (Mo. banc 2015)). In this "single unit estoppel" scenario, the plaintiff "makes no differentiation between the signatory and non-signatory defendants, referring to them collectively," and so the plaintiff is estopped from "treat[ing] these defendants severally for arbitration purposes but jointly for all other purposes." *Id.* (quoting same).[1] The *Ferrellgas* panel characterized the Missouri Court of Appeals' failure to

---

[1] For example, in this case, Plaintiffs' Complaint stated:

> [Appellant] Defendant HomeServices of America, Inc. ("HomeServices") is one of the nation's largest real estate brokerages…. HomeServices is a majority owner of [Appellant] Defendant HSF Affiliates, LLC ("HSF Affiliates"). [Appellant] HSF Affiliates operates many real estate franchise networks, including [arbitration signatory] ReeceNichols Real Estate…. This Complaint will use the term "HomeServices" to refer to [Appellants] Defendants HomeServices of America, Inc., HSF Affiliates, LLC, BHH Affiliates, LLC, … as well as the other entities [like arbitration signatory ReeceNichols] referred to in this paragraph and their other wholly owned or controlled subsidiaries or affiliates.

Br. of Appellants, at 37, Oct. 19, 2022, Entry ID: 5209248. Similarly, in their summary judgment briefing filed after the district court had ruled on Appellants' motion to compel arbitration, Plaintiffs argued that Appellants are liable for the actions of their franchisees, subsidiaries, and agents because they are all a "single enterprise." R. Doc. 956 at ECF p. 14.

4

recognize this doctrine—contrary to the Missouri Supreme Court's *Hewitt* decision—as an "[u]nfortunate[]" "error." *Id.* at 799.

The panel here repeated the same unfortunate error, which places its decision in direct conflict with *Ferrellgas*. The panel determined: "Missouri law provides that 'only *parties* to a contract and any *third-party beneficiaries* of a contract have standing to enforce that contract.'" *Burnett*, 2023 U.S. App. LEXIS 19869, at *15 (alteration adopted, emphasis in original, citation omitted); *see id.* at *18 ("[Appellant] is neither a party nor a third-party beneficiary."). *Ferrellgas* counsels that such categorical limitations improperly restrict Missouri law by failing to recognize single unit estoppel.

The Court should rehear this appeal en banc to secure and maintain uniformity of this Court's decisions and to provide clear guidance to future litigants within this Circuit.[2]

---

[2] Notably, the principal basis for the district court's denial of Appellants' motion to compel unnamed class members to arbitrate was its finding that Appellants waived arbitration by waiting until after class certification to file their motion. This Court rejected that reasoning in an

5

## III. The Panel Decision Conflicts With *Eckert/Wordell*.[3]

When a contract "delegates the arbitrability question to an arbitrator," "a court possesses no power to decide the arbitrability issue.

---

opinion issued just last week. *Compare Burnett v. N.A. Realtors*, 615 F. Supp. 3d 948, 957 (W.D. Mo. 2022) (holding Appellants had waived their rights to arbitration based on pre-class certification conduct and expressly rejecting Appellant's argument that "it has not waived any right to arbitrate because it 'could not have moved to compel arbitration of claims by absent members until the class was certified'"), *with H&T Fair Hills, LTD v. All. Pipeline L.P.*, No. 22-1817, ___ F. 4th ___, ___, 2023 U.S. App. LEXIS 20856, at *11 (8th Cir. Aug. 10, 2023) (Loken, Melloy, and Kobes, JJ.) ("[A] motion to compel arbitration prior to class certification would have been a motion to bind parties who were not yet part of the case. Alliance acted consistently with its right to arbitrate by filing a motion to compel arbitration quickly after the class was certified to include some plaintiffs whose easements have an arbitration provision.").

[3] Appellants squarely raised this argument before the panel. *See* Reply Br. of Appellants, at 17–18, Dec. 12, 2022, Entry ID: 5226092 ("To hold otherwise would mean that the gateway question of non-signatory enforcement must *always* be decided by the court. (After all, the only entities seeking to invoke a delegation clause on the question of non-signatory enforcement are necessarily 'non-parties' to the arbitration agreement—they didn't sign it.) **Such a rule would invalidate this Court's holding in *Eckert/Wordell***: 'Whether a particular arbitration provision may be used to compel arbitration between a signatory and a nonsignatory is a threshold question of arbitrability' that can be delegated to the arbitrator where 'there is clear and unmistakable evidence the parties intended' to do so. 756 F.3d at 1100." (emphasis added)).

6

That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019). An "agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 69–71 (2010) (noting that each arbitration provision is severable).

This Court held in *Eckert/Wordell* that the AAA's delegation of gateway questions assigns to the arbitrator (not the court) the question of whether a nonsignatory may enforce an arbitration clause against a signatory. *See Eckert/Wordell*, 756 F.3d at 1100 (gateway question of nonsignatory enforcement delegated to arbitrator under AAA Rules); *accord Domino's Pizza*, 962 F.3d at 852 ("[T]he arbitrator should decide for itself whether Domino's can enforce the arbitration agreement."); *De Angelis v. Icon Entm't Grp., Inc.*, 364 F. Supp. 3d 787, 796 (S.D. Ohio 2019) ("[T]o adjudicate whether Ms. De Angelis is bound to arbitration with

7

parties that she alleges are nonsignatories would be to engage in the type of analysis that the Supreme Court held impermissible in *Henry Schein, Inc. v. Archer & White Sales, Inc.*").

In this case, Appellants are nonsignatories attempting to enforce an arbitration agreement containing a delegation clause against the signatory Plaintiffs. The panel acknowledged the *Eckert/Wordell* case but then held that the contract's use of the word "parties" in the arbitration provisions meant that only "parties" could enforce the contracts' delegation clauses. *Burnett*, 2023 U.S. App. LEXIS 19869, at *16. Specifically, the panel stated that the contracts "expressly stated in the Arbitration Agreements that arbitration should be administered pursuant to the AAA Rules only when the dispute or claim is 'between the parties.'" *Id.* Because Appellants are neither "parties" nor third-party beneficiaries, reasoned the panel, they cannot ask the arbitrator to decide whether Appellants, as "nonparties," may enforce the arbitration clause. *Id.* at *16-17.

8

But *Eckert/Wordell* dealt with materially identical, party-specific language. There, the arbitration provision also incorporated the AAA Rules only for disputes "between the parties":

> Claims, disputes and other matters in question **between the parties** that are not resolved by mediation shall be decided by arbitration which, unless **the parties** mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing **with the other party to this Agreement** and the American Arbitration Association.

Appellants' Opening Br., *Eckert/Wordell*, 756 F.3d 1098, *available at* 2013 U.S. 8TH CIR. BRIEFS LEXIS 945, at Statement of Facts § I, art. 7.2.2 (emphasis in original). The *Eckert/Wordell* contract—like the contract here—also contained a provision prohibiting joinder of any nonparties to the arbitration: "No arbitration arising out of or relating to this Agreement shall include, by consolidation or joinder or in any other manner, an additional person or entity not a party to this Agreement . . . ." *Id.*, 2013 U.S. 8TH CIR. BRIEFS LEXIS 945, at Statement of Facts § I, art. 7.2.4 (emphasis removed).

9

Despite this party-specific language and non-joinder language, the *Eckert/Wordell* panel held that the contract's incorporation of the AAA Rules alone was sufficient to permit the nonparty, nonsignatory to force the question of its ability to compel arbitration to the arbitrator.[4]

---

[4] Other courts have reached the same result. For example, in *Brittania-U Nig., Ltd. v. Chevron USA, Inc.*, the arbitration provision at issue stated that, if any dispute could not be resolved through direct negotiation, "either Party may initiate such arbitration by giving notice to the other Party." 866 F.3d 709, 711 (5th Cir. 2017). Despite this party-specific language, the Fifth Circuit held that the district court did not err when it compelled the litigants to arbitrate whether two nonsignatories could invoke the arbitration provision:

> [T]he Defendants here—a signatory and two nonsignatories—are attempting to enforce the arbitration provision against signatory Brittania-U. Although the confidentiality agreement does not explicitly state that it binds nonsignatories to the agreement, it does explicitly bind Brittania-U. Therefore, . . . the language of the agreement clearly and unmistakably delegates arbitrability, even with regard to Brittania-U's dispute with [the two nonsignatories].

*Id.* at 715. *See also Henry v. Vantage Credit Union*, No. 4:20-cv-01865-SRC, 2021 U.S. Dist. LEXIS 101571, at *2, *18-19 (E.D. Mo. May 28, 2021) (where contract stated "THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES," citing *Eckert/Wordell* and holding "the parties delegated the question[] of… whether the [nonsignatories] may enforce that clause to the arbitrator and thus the Court may not decide these questions").

The panel's decision here directly conflicts with *Eckert/Wordell*. Indeed, the appellant in *Eckert/Wordell* expressly made the very argument relied on by the panel here, but the *Eckert/Wordell* court correctly rejected it. *Compare, e.g.*, Appellants' Opening Br., *Eckert/Wordell*, 756 F.3d 1098, *available at* 2013 U.S. 8TH CIR. BRIEFS LEXIS 945, at Summary of the Argument § I ("the Contract only delegates claims "**between the parties**" to arbitration" (emphasis added)), *with Eckert/Wordell*, 756 F.3d at 1099 ("The grant of summary judgment, in effect, compels the parties to submit to an arbitrator the threshold issue of whether [nonsignatory] may use an arbitration provision in a contract it did not sign to compel [signatory] to arbitrate. We affirm.").

In short, the panel declined to apply *Eckert/Wordell* on a basis that was rejected by the *Eckert/Wordell* panel. "It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." *Mader*, 654 F.3d at 800. The panel here violated this cardinal rule, and the law of this Circuit is now unclear as to whether incorporation of the AAA Rules delegates to the arbitrator whether a nonsignatory can invoke the arbitration provision.

11

The Court should review this appeal en banc to correct this error and provide clarity to litigants.

## IV. The Panel Decision Conflicts With *Ferrellgas*.[5]

In *Ferrellgas*, this Court evaluated when Missouri law permits a nonsignatory to enforce an arbitration agreement. 8 F.4th 795. The *Ferrellgas* panel determined that the Missouri Court of Appeals, in *Tucker v. Vincent*, "erred" when it failed to recognize the principle of single-unit estoppel. *Id.* at 799 ("Unfortunately, the parties in their briefs have wrongly treated this error in *Tucker* as established Missouri law."). This is because the Missouri Supreme Court had held five months prior that single-unit estoppel is the law of Missouri. *See Hewitt*, 461 S.W.3d at 814–15 ("Mr. Hewitt's petition makes no differentiation between the signatory and non-signatory defendants…. Mr. Hewitt cannot treat these defendants severally for

---

[5] Appellants squarely raised this argument before the panel. *See* Reply Br. of Appellants, at 19, Dec. 12, 2022, Entry ID: 5226092 ("Last year, this Court provided a straightforward interpretation of Missouri law: 'A signatory plaintiff cannot avoid arbitration when she treated signatory and non-signatory defendants as a single unit.' *Ferrellgas*, 8 F.4th at 800 (quotation marks omitted).").

12

arbitration purposes but jointly for all other purposes. His claim against the defendants is a single one that should be referred in its entirety to arbitration."); *see Ferrellgas*, 8 F.4th at 799 ("[W]e must apply *Hewitt*, the controlling Missouri precedent.").

Here, the panel held: "Missouri law provides that 'only parties to a contract and any third-party beneficiaries of a contract have standing to enforce that contract.'" *Burnett*, 2023 U.S. App. LEXIS 19869, at *15 (alteration adopted, emphasis removed, and citation omitted). Because Appellant is "neither a party nor a third-party beneficiary of the…Arbitration Agreements," Appellant could not enforce the arbitration agreements. *Id.* at *18.

Missouri law is not so limited. *Ferrellgas*, 8 F.4th at 800; *Hewitt*, 461 S.W.3d at 814–15. The panel has created a conflict in Eighth Circuit law, and it calls into question the viability of the single-unit estoppel doctrine

13

enshrined in *Ferrellgas* and *Hewitt*.[6] The Court should review this matter en banc to resolve this conflict.

## V. Conclusion.

The Court should rehear this matter en banc to address the intra-Circuit conflicts created by the panel.

Dated: August 15, 2023

---

[6] Without any analysis, the panel mentioned single-unit estoppel in a footnote, "reject[ing]" Appellants' argument "for the same reasons set forth by the district court." *Burnett*, 2023 U.S. App. LEXIS 19869, at *18 n.6. As mentioned previously, the primary basis for the district court's order denying Appellants' motion to compel arbitration was its finding of wavier, which this Court recently rejected in *H&T Fair Hills*.

Appellants fully address the other errors in the district court's analysis in Appellants' merits briefs from the instant appeal. However, the en banc court should not evaluate the merits of Appellants' delegation arguments (including single-unit estoppel), because the question has been delegated to the arbitrator. *See supra* § III. Such evaluation is prohibited by the United States Supreme Court's decision in *Henry Schein*, 139 S. Ct. at 529.

Respectfully submitted,

*/s/Robert D. MacGill*
Robert D. MacGill (97-0310)
Matthew T. Ciulla (22-0322)
Scott E. Murray
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
(317) 721-1253
robert.macgill@macgilllaw.com
matthew.ciulla@macgilllaw.com
scott.murray@macgilllaw.com

Jay N. Varon (01-0515)
Jennifer M. Keas
jvaron@foley.com
jkeas@foley.com
FOLEY & LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5300

Brian C. Fries
bfries@lathropgage.com
LATHROP GAGE LLP - KCMO
2345 Grand Avenue, Suite 2200
Kansas City, MO 64108-2618
(816) 292-2000

*Attorneys for Appellants, the HomeServices Defendants*

15

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 35(b)(2)(A) and 40(b)(1). This brief contains 2,720 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f). This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word in fourteen (14) point Palatino Linotype font.

Dated: August 15, 2023

<u>*/s/Robert D. MacGill*</u>

Robert D. MacGill

16

Appellate Case: 22-2664     Page: 17     Date Filed: 08/15/2023 Entry ID: 5306278

# CIRCUIT RULE 28A(h) CERTIFICATION

The undersigned hereby certifies that I have filed electronically, pursuant to Circuit Rule 28A(h), a version of the brief in non-scanned PDF format. I hereby certify that the file has been scanned for viruses and that it is virus-free.

/s/Robert D. MacGill

Robert D. MacGill

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 15, 2023, an electronic copy of the Petition for Rehearing and for Rehearing En Banc was filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. The undersigned certifies that all participants in this case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                                                               */s/Robert D. MacGill*

                                                               Robert D. MacGill