

April 10, 2023

Michael E. Gans
Clerk of Court
United States Court of Appeals, Eighth Circuit
Thomas F. Eagleton Courthouse, Room 24.329
111 South Tenth Street
St. Louis, MO 63102

    Re:    *Burnett, et al. v. HomeServices of Am., et al.*
            Case No. 22-2664

Dear Mr. Gans:

Pursuant to Fed. R. App. P. 28(j), we write to notify the Court of a significant new authority decided after the parties completed their briefing.

In its principal brief, HomeServices claims it could not waive its arbitration rights because class members did not become parties until the classes were certified. Specifically, HomeServices argues it was "jurisdictionally impossible" to move to compel arbitration against the class members before certification. *HomeServices Brief at 22*.

On February 3, 2023, the Ninth Circuit issued its opinion in *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457 (9th Cir. 2023). That opinion affirmed a denial of a motion to compel arbitration, holding that the defendant waived arbitration by failing to assert its rights before class certification. And it rejected the argument offered by HomeServices here:

> waiver is a unilateral concept. A finding of waiver by XBS looks only to the acts of XBS, binds only XBS, does not reach out to affect the rights of as then-unnamed class members, and does not depend upon when the law requires or authorizes such a right to be asserted. As noted by the Supreme Court in *Morgan*, "[t]o decide whether a waiver has occurred, the court focuses on the actions of the person who held the right; the court seldom considers the effects of those actions on the opposing party."

*Id*. at 469 (quoting *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022)).[1] The Court further stated: "waiver does not require a court to have jurisdiction over the beneficiaries of the waiver; it

---

[1] HomeServices' main case on waiver, *Gutierrez v. Wells Fargo Bank,* 889 F.3d 1230 (11th Cir. 2018), pre-dates *Morgan*, and "*Morgan* abrogated much – perhaps most – of the Eleventh Circuit's precedent on waiver of arbitration agreements." *Gaudreau v. My Pillow, Inc.*, Case No. 6:21-cv-1899-CEM-DAB, 2022 WL 3098950, at *6 (M.D. Fla. July 1, 2022).

Michael Ketchmark | Scott McCreight | Ben Fadler
11161 Overbrook Road, Suite 210 | Leawood, Kansas 66211
(913) 266-4500 | Facsimile (913) 317-5030 | www.kansascitylawoffices.com

does not even require a lawsuit to have been filed." *Id*. at 480. *Hill* therefore refutes HomeServices' main argument over waiver. The Ninth Circuit denied rehearing and rehearing en banc for *Hill* on April 5, 2023.

Respectfully submitted,

Scott A. McCreight
*Counsel for Plaintiffs-Appellees*